1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Quigley, | No. CV-24-01050-PHX-ASB |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Soul Surgery LLC, et al., | |
| Defendants. | |

TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Plaintiff's Motion for Default Judgment Against Defendants Soul Surgery LLC and John Mulligan and Jane Doe Mulligan (Doc. 33). No Response was filed to the Motion, and the time for same has passed. For the reasons below, undersigned recommends the Motion be granted and default judgment be entered as to Defendants Soul Surgery LLC and John Mulligan and Jane Doe Mulligan. Further, undersigned recommends the Court grant Plaintiff and Defendant Heather Mulligan's Amended Stipulation of Defendants Heather and John Doe Mulligan (Doc. 32).

## A. Procedural History

On May 7, 2024, Plaintiff filed a Complaint against Defendants Soul Surgery LLC; John Mulligan and Jane Doe Mulligan, a married couple; and Heather Mulligan and John Doe Mulligan, a married couple. (Doc. 1.) All defendants were served. (*See* Docs. 9-13.) Defendant Heather Mulligan filed an Answer. (Doc. 14.) No other defendants filed a responsive pleading. Plaintiff filed an Application for Entry of Default as to Defendants

1   Soul Surgery LLC and John Mulligan and Jane Doe Mulligan. (Doc. 20.)  The Clerk of

2   Court entered default as to Defendants Soul Surgery LLC and John Mulligan and Jane Doe

3   Mulligan.  (Doc. 21.)   Defendants Heather Mulligan and John Doe Mulligan, along with

4   Plaintiff, stipulated to the dismissal of Defendants Heather Mulligan and John Doe

5   Mulligan.  (Doc. 32.)  Plaintiff's Motion for Default Judgment against Defendants Soul

6   Surgery LLC and John Mulligan and Jane Doe Mulligan (collectively hereinafter referred

7   to as the "Defaulting Defendants") was filed (Doc. 33), and no response followed.

8       **B.  Legal Standard – Default Judgment**

9       Once default has been entered against a party, the Court has discretion to enter

10  default judgment against that party.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616

11  F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who

12  has failed to plead or otherwise defend, a district court has an affirmative duty to look into

13  its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712

14  (9th Cir. 1999).

15      After the Court has been satisfied that it has personal and subject matter jurisdiction,

16  the Court must consider the factors enumerated by the Ninth Circuit in *Eitel v. McCool*,

17  782 F.2d 1470, 1471-72 (9th Cir. 1986) when deciding whether to grant default judgment.

18  Those factors are:  "(1) the possibility of prejudice to the plaintiff, (2) the merits of

19  plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

20  stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether

21  the default was due to excusable neglect; and (7) the strong policy underlying the Federal

22  Rules of Civil Procedure favoring decisions on the merits." *Id.*  Upon default, and thus

23  when applying the *Eitel* factors, "the factual allegations of the complaint, except those

24  relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559

25  F.2d 557, 560 (9th Cir. 1977).  In its default judgment analysis, the Court "is not required

26  to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th

27  Cir. 2002).

28      //

### C.  Analysis – Default Judgment

The Court has considered the record of these proceedings, including Plaintiff's Declaration in Support of Motion for Entry of Default Judgment (Doc. 33-1).  The Court finds that Plaintiff has complied with the requirements of Rule 55 of the Federal Rules of Civil Procedure.  The Court therefore considers jurisdiction.

#### 1.  Jurisdiction

Subject matter jurisdiction is first present because Plaintiff has brought two claims under 29 U.S.C. §§ 206-07 (the Fair Labor Standards Act or "FLSA").  *See* 28 U.S.C. § 1331.  The remaining counts (Counts 3 and 4) are brought under Arizona law, specifically the Arizona Minimum Wage Act ("AMWA", A.R.S. § 363) and the Arizona Wage  Act ("AWA", A.R.S. § 23-350), respectively.  Under 28 U.S.C. § 1367(a), this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Undersigned concludes the state law claims form part of the same case or controversy as Plaintiff's federal law claims for purposes of § 1367(a), because all of the claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted).  Undersigned does not find that any exceptions under 28 U.S.C. § 1367(c) apply, and supplemental jurisdiction over the state law claims is present. Personal jurisdiction exists, as the Defaulting Defendants are either organized in, or are residents of, this District, and the record establishes service was effectuated upon them.

Because jurisdiction is proper, the Court next considers the *Eitel* factors.

#### 2.  *Eitel* factors

In deciding whether to grant default judgment, the Court must weigh "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3)

the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

### a. Factor 1

The Court finds the first factor weighs in Plaintiff's favor. Plaintiff has faithfully prosecuted this case since its inception. The Defaulting Defendants have not participated in this matter at all. Plaintiff has no alternative means to resolve her claims in her Complaint against the Defaulting Defendants. Thus, there is a strong possibility of prejudice to Plaintiff if default judgment is not entered. *See Ramirez v. Unique Transitional Homes Staffing LLC*, No. CV-23-01882-PHX-DGC, 2024 WL 1740020, at *2 (D. Ariz. Apr. 23, 2024) (finding the same in an action for unpaid wages because the plaintiff would be without recourse or redress if default judgment were denied).

### b. Factors 2 and 3

Given the interplay of the second and third factors, the Court considers them together. *See Eitel*, 782 F.2d at 1472. Here, both factors weigh in favor of granting default judgment. The Court finds the Complaint contained great detail regarding the Defaulting Defendants' alleged violations of federal and state wage statutes. (*See* Doc. 1.) The allegations are taken as true. *Geddes*, 559 F.2d at 560.

First, the Court considers the second and third factors as they pertain to the federal wage statute. Plaintiff alleges both minimum wage and overtime wage violations under the FLSA. (Doc. 1 at 13-16.) "The FLSA requires employers to pay their employees a minimum hourly wage and additional overtime wages for any time spent working in excess of a forty-hour workweek (not less than one and a half times the hourly wage)." *Ramirez*, 2024 WL 1740020, at *2 (citing 29 U.S.C. §§ 206(a), 207(a)). "To establish a minimum wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441

F. Supp. 3d 830, 834 (D. Ariz. 2020). The FLSA defines an "employee" as "any individual employed by an employer" and an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d), (e)(1). "An individual can be subject to liability under the FLSA as an employer if they 'exercise control over the nature and structure of the employment relationship, or economic control over the relationship.'" *Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *3 (D. Ariz. Feb. 29, 2024) (quoting *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)).   In her Complaint, Plaintiff alleges she was an employee of the Defaulting Defendants at all relevant times and they exercised control over her work and wages.   (Doc. 1, ¶¶ 22-28.)   Taking those factual allegations as true, Plaintiff has established she was an employee of the Defaulting Defendants, and that the Defaulting Defendants were employers under the FLSA. "To bring an FLSA claim for unpaid minimum wages, a plaintiff must 'allege facts showing that there was a given week in which [she] was entitled to but denied minimum wages.'" *Avila*, 2024 WL 863710, at *4 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)). "To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek in which she worked in excess of forty hours and [was] not paid overtime wages." *Id.* (citing *Landers*, 771 F.3d at 646).   In her Complaint, Plaintiff alleges she generally worked between 30- and 50-hour workweeks, and that she was not paid for her final 4 workweeks. (Doc. 1, ¶¶ 40-44.)   Those allegations are further accepted as true, and Plaintiff has stated plausible minimum wage and overtime wage claims under the FLSA.

The Court next turns to the second and third *Eitel* factors as they relate to Plaintiff's claim under the AMWA.   (*See* Doc. 1 at 14-15.)   "The AMWA establishes the minimum wage an employer must pay an employee in Arizona."   *Avila*, 2024 WL 863710, at *4; A.R.S. § 23-363.   "Like the FLSA, the AMWA defines an 'employee' as 'any person who is or was employed by an employer.'"   *Id.*   § 23-362(A).   The AMWA goes on to define an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, [and] individual or

other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). Here, Plaintiff has sufficiently alleged that the Defaulting Defendants (which are either limited liability companies or individuals) are employers under the AMWA; that Plaintiff was their employee; and that Plaintiff was not paid for the 155 hours she worked during the last 4 workweeks of her employment. (*See* Doc. 1 at 3-12.) Thus, Plaintiff has stated a colorable claim under the AMWA.

Finally as to these two *Eitel* factors, the Court considers Plaintiff's claim under the AWA. That statute mandates that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). An "employee," as defined by the AWA, is very similar to the FLSA and AMWA. *See* A.R.S. § 23-350(2) (defining "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within" Arizona). "However, the AWA limits the term 'employer' to include 'any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person.'" *Avila*, 2024 WL 863710, at *4 (quoting A.R.S. § 23-350(3)). That is, "[u]nlike the FLSA and the AMWA, the AWA 'does not ... authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages.'" *Id.* (quoting *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. Jul. 15, 2021)). Indeed, Plaintiff's Complaint contains an AWA claim against only the entity, Defendant Soul Surgery LLC, and not the individually-named defendants. (Doc. 1 at 15-16.) The facts alleged by Plaintiff establish that she was employed by Defendant Soul Surgery LLC and that she was not paid for her last 4 workweeks by that entity, in violation of the AWA. (*See id.* at 6-9.)

Accordingly, after taking the allegations in the Complaint as true, undersigned concludes Plaintiff has stated claims upon which she may recover under both Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*), the AMWA (A.R.S. § 23-363), and the AWA

1    (A.R.S. § 23-350 *et seq.*).

2            c.  Factor 4

3            Under the fourth factor, the Court considers the amount of money at stake in relation

4    to the seriousness of the Defaulting Defendants' conduct.  *See PepsiCo., Inc. v. Cal. Sec.*

5    *Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002).  In the case at bar, Plaintiff seeks total

6    damages in the amount of $11,616.00 against Soul Surgery LLC; and of that, $7,128.75

7    against Soul Surgery LLC, and John Mulligan and Jane Doe Mulligan, jointly and

8    severally.[1]  (Doc. 33 at 9-12, Doc. 33-1 at 3-5.)  She also seeks post-judgment interest and

9    leave to file a motion for attorney's fees and costs.  (Doc. 33 at 11.)  Given the number of

10   hours Plaintiff has alleged that she worked without compensation, the Court finds the

11   amount of sought damages to be reasonable.  This factor weighs in favor of default

12   judgment.

13           d.  Factor 5

14           The fifth factor requires the Court to consider the possibility of dispute concerning

15   the material facts.  This factor favors default judgment, as the Defaulting Defendants have

16   failed to participate in this matter since being served.  Since that time, they have made no

17   effort to meaningfully challenge Plaintiff's Complaint or engage in the discovery process,

18   despite Plaintiff's diligent efforts to communicate with them.

19           e.  Factor 6

20           Sixth, the Court considers whether the default was due to excusable neglect.  The

21   record is devoid of any indication that the Defaulting Defendants' failure to participate in

22   this case or otherwise defend against the Complaint since May 2024 is the result of

23   excusable neglect.  The Defaulting Defendants were duly served with this lawsuit.  (Docs.

24   9-13.)  Thus, they have been made aware of the pendency of this matter and their attendant

25   obligations.  No evidence to indicate the Defaulting Defendants have excusably neglected

26   this matter is before the Court.  Thus, the factor weighs in favor of default judgment.

27

28   _____

[1] The Court considers *infra* the sufficiency of Plaintiff's evidence regarding sought damages.

f.   Factor 7

Finally, the Court is mindful of "the general rule that default judgments are ordinarily disfavored," and that matters "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  However, the Defaulting Defendants have completely failed to defend this lawsuit, despite their knowledge that it is ongoing.  The Defaulting Defendants' conduct has rendered impossible the decision of this case on its merits, as it relates to them.

After considering and weighing the *Eitel* factors, undersigned finds default judgment is appropriate and recommends to the District Judge that default judgment be entered against the Defaulting Defendants.

3.   Damages

When considering the amount of damages, the Court does not take the factual allegations contained in the Complaint as true.  *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987).  Rather, Plaintiff is required to prove up the damages she sought in her Complaint.  *Philip Morris, U.S.A. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  Further, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in" Plaintiff's Complaint.  Fed. R. Civ. P. 54(c).  "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing."  *Philip Morris*, 219 F.R.D. at 498 (citing Fed. R. Civ. P. 55(b)(2)).

Undersigned has carefully reviewed the Complaint (Doc. 1) and Plaintiff's Declaration (Doc. 33-1).  Although the Complaint did not include a specific dollar amount of sought damages, the Complaint provided sufficient detail regarding the relief sought as to each of the four claims pled.  In her Complaint, Plaintiff pled the federal overtime and minimum wage claims, the AMWA claim, and the AWA claim.  (*See* Doc. 1 at 10-16.)  In support of those claims, Plaintiff's Complaint contained the amount of days and hours Plaintiff typically worked, alleged that Plaintiff was not paid overtime, contained Plaintiff's hourly wage as determined by the Defaulting Defendants, and alleged that Plaintiff was

not paid for her last 4 workweeks.  (*See id.* at 7-9.)  Plaintiff's Declaration included a detailed calculation of wages that aligns with the allegations contained in her Complaint.  (*See* Doc. 33-1 at 2-4.)

First, Plaintiff reasonably estimates she is owed $1,123.75 in unpaid federal minimum wages for Plaintiff's last 4 workweeks and $2,224.25 in unpaid Arizona minimum wages for that same period.  (Doc. 33-1, ¶ 10.)  "When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to 'unpaid minimum wages, [ ] unpaid overtime compensation ... and in an additional *equal* amount as liquidated damages.'" *Avila*, 2024 WL 863710, at *6 (citing 29 U.S.C. § 216(b) and adding emphasis).  "Double damages are the norm, and single damages are the exception."  *Id.*, citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003)).  Thus, Plaintiff's unpaid federal minimum wages are doubled to $2,247.50.  And "[w]hen a defendant is found liable under the AMWA for failure to pay minimum wages, the plaintiff is entitled to treble damages – the un[d]erpaid wages, including interest thereon, 'and an additional amount equal to twice the underpaid wages.'" *Ramirez*, 2024 WL 1740020, at *5 (citing A.R.S. § 23-364(G)).  Therefore, under the AMWA, Plaintiff's Arizona minimum wage damages are trebled to $6,672.75.

Because double recovery is prohibited, *see Avila*, 2024 WL 863710, at *6 (citing *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333 (1980)), undersigned agrees with Plaintiff that a larger, trebled Arizona award "engulfs" the federal minimum wage damages award. (*See* Doc. 33-1, ¶ 20.)  However, the figures contained in ¶ 20 of Plaintiff's Declaration do not align with the remainder of her Declaration's figures.  Specifically, Plaintiff declares, "Since the $9,348.75 engulfs the $3,262.50, $9,348.75 is the appropriate fully liquidated damages award."  (*Id.*)  As explained immediately above, though, Plaintiff's Declaration does not contain either of those figures.  The Court finds that the Arizona minimum wages award of $6,672.75 engulfs the federal minimum wages award of $2,247.50.  Therefore, as to minimum wage statutory damages, Plaintiff has established an award of $6,672.75 against all Defaulting Defendants.  The Court notes that the

remainder of the Declaration contains supported figures.  (*See* Doc. 33-1.)

Plaintiff also brought suit against Defendant Soul Surgery LLC under the AWA, which allows for trebled damages of Plaintiff's unpaid wages (not only unpaid minimum wages) under A.R.S. § 23-355.  (*See* Doc. 1 at 15-16.)  Specifically, A.R.S. § 23-355 provides that "the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages."  Plaintiff reasonably estimates that her unpaid wages for her last 4 workweeks (155 hours), at her regular rate of pay ($24.00/hour), were $3,720.00.  (Doc. 33-1, ¶ 11.)  Trebled, those unpaid wage damages Plaintiff may recover pursuant to A.R.S. § 23-355 against Soul Surgery LLC total $11,160.00.  Because the $11,160.00 engulfs the minimum wages award of $6,672.75, damages under the AWA in the amount of $11,160.00 against Defendant Soul Surgery LLC is appropriate.

Next, Plaintiff represents she was never paid for 19 hours of overtime and that she should have been paid $228.00 in overtime wages.  (Doc. 33-1, ¶¶ 12-15.)  Undersigned finds that to be a reasonable estimate, given the number of hours worked by Plaintiff and the overtime rate as calculated.  (*See id.*)  As discussed above, 29 U.S.C. § 216(b) requires doubling of overtime damages.  Thus, the total amount of federal overtime damages is $456.00.

Therefore, the total amount of statutory damages that undersigned will recommend be awarded against Defendants Soul Surgery LLC and John Mulligan and Jane Doe Mulligan jointly and severally, is $7,128.75 ($6,672.75 + $456.00).  As against Defendant Soul Surgery LLC only, the amount of recommended damages will be $4,031.25 ($11,160.00 - $7,128.75).  *See, e.g., Avila*, 2024 WL 863710, at *7 (entering judgment against the entity defendant in the amount of the difference between the AWA damages and the minimum wage damages).

Finally, Plaintiff requests leave to file a motion for attorney's fees (Doc. 33 at 11). Because good cause appears under the applicable federal and state statutes, undersigned will recommend that the District Judge order such a motion be filed within 14 days of the

District Judge's Order.  Finally, Plaintiff requests post-judgment interest be awarded.  (*Id.*)  Post-judgment interest may be added to the award pursuant to 28 U.S.C. § 1961(a); thus, undersigned will recommend that post-judgment interest be awarded as well.

### D. Amended Stipulation to Dismiss Defendants Heather Mulligan and John Doe Mulligan

Also pending before the Court is the Amended Stipulation of Dismissal of Defendants Heather and John Doe Mulligan (Doc. 32).  In that document, Plaintiff and Defendants Heather and John Doe Mulligan stipulate to the dismissal with prejudice of Defendants Heather and John Doe Mulligan.  (*Id.*)  Those parties further stipulate that the dismissal shall be with each party bearing their own fees and costs.  (*Id.*)  To date, undersigned has not taken action on the Amended Stipulation because there is not full consent in this matter.  Good cause appearing, undersigned will recommend that the Court accept that Amended Stipulation.

### E. Conclusion

For the foregoing reasons,

**IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Motion for Default Judgment Against Defendants Soul Surgery LLC and John Mulligan and Jane Doe Mulligan (Doc. 33) be **granted**, specifically:

   a. Plaintiff is awarded statutory damages in the amount of $7,128.75 against Defendants Soul Surgery LLC and John Mulligan and Jane Doe Mulligan, jointly and severally;

   b. Plaintiff is awarded additional statutory damages in the amount of $4,031.25 against Defendant Soul Surgery LLC only; and

   c. Post-judgment interest on those judgments be assessed at the statutory rate pursuant to 28 U.S.C. § 1961.

2. That the Court order any motion for attorney's fees be filed no later than 14 days from the date the District Judge's Order is filed.

**3.** That the Court accept the Amended Stipulation of Dismissal of Defendants Heather and John Doe Mulligan (Doc. 32) and order Defendants Heather Mulligan and John Doe Mulligan dismissed from this matter with prejudice, with each of those parties bearing their own respective fees and costs.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 24th day of July, 2025.

_____
Honorable Alison S. Bachus
United States Magistrate Judge