1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                        **FOR THE DISTRICT OF ARIZONA**
8
9    Elizabeth Quigley,                          No. CV-24-01050-PHX-SMM (ASB)
10                    Plaintiff,                  **REPORT AND RECOMMENDATION**
11   v.
12   Soul Surgery LLC, et al.,
13                    Defendants.
14

15   **TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT**
16   **JUDGE:**

17          Before the Court and ripe for disposition is Plaintiff's Motion for Award of

18   Attorneys' Fees and Costs Against All Defendants (Doc. 38), which is supported by its

19   accompanying affidavits and exhibits (Docs. 38-1 through 38-9), and Plaintiff's Bill of

20   Costs (Doc. 39).  For the reasons below, undersigned recommends the Motion be granted

21   in part and fees and costs be ordered as to Defendants Soul Surgery LLC and John Mulligan

22   and Jane Doe Mulligan (collectively, the "Defaulting Defendants").  Undersigned provides

23   this Report and Recommendation to the District Judge pursuant to General Order 21-25

24   because not all parties to this matter have consented to the jurisdiction of the undersigned

25   Magistrate Judge.

26          **A.  Background**

27          The Court incorporates by reference its summary of the procedural history of this

28   Fair Labor Standards Act ("FLSA") and Arizona Minimum Wage Act ("AMWA") matter

that was contained in the previous Report and Recommendation (Doc. 35). That Report and Recommendation was adopted on August 21, 2025, when this Court granted Plaintiff's Motion for Default Judgment (Doc. 33) against Defendants Soul Surgery LLC and John Mulligan and Jane Doe Mulligan; awarded statutory damages in the amount of $7,128.75 to Plaintiff against all three Defaulting Defendants, jointly and severally; awarded additional statutory damages in the amount of $4,031.25 against Defendant Soul Surgery LLC only; and directed that post-judgment interest on payments be assessed at the statutory rate pursuant to 28 U.S.C. § 1961. (Doc. 36.) The Court further approved the Amended Stipulation of Dismissal of Defendant Heather Mulligan and John Doe Mulligan. (*Id.*) Thus, the Defaulting Defendants are the only remaining defendants in this case.

Plaintiff then timely filed her instant Motion for Attorney's Fees and Bill of Costs. (Docs. 38-39.) Although Plaintiff styled the Motion as being against "All Defendants," which would therefore presumably include defendants who have not been defaulted, Plaintiff clarified in her Motion that she seeks attorney's fees and costs against the Defaulting Defendants only. (Doc. 38 at 2.) No response to the Motion for Attorney's Fees was filed. Per LRCiv 7.2(i), a lack of response can be deemed as consent to granting of the Motion; nevertheless, the Court considers the Motion on its merits under the applicable law.

**B. Applicable Law and Analysis**

In a FLSA action, an award of reasonable attorney's fees and costs to a prevailing plaintiff is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Similarly, under the AMWA, a "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). The Ninth Circuit has held that the word "defendant" in the FLSA "describe[s] the party who may be liable for the plaintiff's attorney's fees" and "refers to the employer against whom the charge of violation has been brought." *Richard v. Alaska Airlines, Inc.*, 750 F.2d 763, 766 (9th Cir. 1984). The Defaulting Defendants have not

1   disputed that the statutory definition applies to them, and the Court finds that the Defaulting

2   Defendants each meet the statutory definition of a "defendant."

3       The Court further concludes that Plaintiff is the "prevailing party," as Plaintiff

4   "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the

5   part[y] sought in bringing suit" regarding the Defaulting Defendants. *Hensley v. Eckerhart*,

6   461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir.

7   1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying

8   *Hensley* in an analysis whether a plaintiff in a FLSA action was the prevailing party).  The

9   Defaulting Defendants have not disputed that Plaintiff is the "prevailing party" under

10  federal or Arizona law.

11      Thus, the Court finds Plaintiff is entitled to an award of fees and costs under federal

12  and Arizona law against the Defaulting Defendants.  The Court must now determine

13  whether the amount Plaintiff seeks for fees and costs is reasonable under applicable law.

14      1. Fees

15      Although "[t]he award of an attorney's fee is mandatory, … the amount of the award

16  is in within the discretion of the court." *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir.

17  1971) (citation omitted).  "To determine a reasonable attorneys' fee under FLSA, the Court

18  uses the lodestar method." *Gary v. Carbon Cycle Ariz. LLC*, 398 F.Supp.3d 468, 485 (D.

19  Ariz. 2019) (citations omitted); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145,

20  1149 n.4 (9th Cir. 2008) ("District courts must calculate awards for attorneys' fees using

21  the 'lodestar' method.").  To calculate the lodestar, the Court multiplies "the number of

22  hours the prevailing party reasonably expended on the litigation by a reasonable hourly

23  rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (citing *McGrath v.

24  Cty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995)).

25      a. Hourly rate

26      Therefore, the Court first calculates the lodestar amount.  "When a party seeks an

27  award of attorneys' fees, that party bears the burden of submitting evidence of the hours

28  worked and the rate paid. In addition, that party has the burden to prove that the rate

charged is in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, (citing *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)); *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895) (1984) ("Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'"). The "relevant community," in turn, "is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, Plaintiff's counsel, Clifford Bendau, II, seeks fees at an hourly rate of $445.00. (Doc. 38 at 5.) In support of the requested amount, counsel highlights fee orders from this court. (*See* Docs. 38-2, 38-3, and Doc. 38 at 4-5.) Counsel also provides the Court with a fee order in which $395.00 per hour was found to be reasonable in a FLSA action. (Doc. 38-7.) Based on the Court's review of recent cases in this District and orders provided by Plaintiff, the Court concludes that an hourly rate of $395.00 is reasonable.

### b. Number of hours

Counsel seeks fees for 17.1 hours expended by Clifford Bendau, II. (Doc. 38 at 5.) The Court has reviewed the Itemization of Attorney's Fees and Costs submitted as Exhibit D to the Motion. (Doc. 38-4.) Of note, this Court is struck by the fact that counsel once again attempts to seek fees for tasks that this Court has repeatedly found are barred under binding precedent.

First, counsel seeks his hourly rate for tasks such as emailing and filing documents. (*See* Doc. 38-4.) In *Shorty v. Day and Night Med. Trans. Inc.*, No. CV 23-00084-PHX-ASB, 2023 WL 9101629, at *3 (D. Ariz. Dec. 15, 2023), *report and recommendation adopted* 2024 WL 50124 (D. Ariz. Jan. 4, 2024), this Court specifically excluded such fees due to binding precedent, which is discussed *infra*. In *Villa v. Express Trust & Framing Sys. LLC*, No. CV 24-01890-PHX-SMM (ASB), 2025 WL 2421028 (D. Ariz. Jul. 24, 2025) the Court again excluded those sought fees for the very same reason. The District Judge adopted that recommendation and reminded Plaintiff's counsel "of his obligation to comply

with Federal Rule of Civil Procedure 11 and that sanctions may result if counsel persists in seeking relief that is not permitted under the law." 2025 WL 2420405 at *1 (D. Ariz. Aug. 21, 2025). And indeed, one of Plaintiff's own exhibits to his instant Motion includes another Judge's specific finding that "[c]ertain entries" included in Plaintiff's counsel's billing records reflected time spent on "clerical tasks, such as sending and filing documents, and preparing a case file" and were not allowed under the law. (Doc. 31-8 at 3-4) (*Dunson v. RMH Franchise Corp.*, No. CV 23-00148-TUC-RM, (D. Ariz. Sept. 29, 2023)) (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)). To be sure, the Supreme Court observed in *Missouri v. Jenkins* that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them … '[The] dollar value [of that non-legal work] is not enhanced just because a lawyer does it.'" 491 U.S. 274, 288 n.10 (1989) (quotation omitted). And the Ninth Circuit stated in *Nadarajah*, 569 F.3d at 921, that clerical tasks "should [be] subsumed in firm overhead rather than billed at paralegal rates." Despite this case law and the Court's admonishment, though, counsel continues to seek these fees.

The Court notes that Rule 11(b)(2) of the Federal Rules of Civil Procedure dictates that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." It is unclear how the instant Motion, insofar as it seeks fees for services that binding precedent expressly disallows, comports with Rule 11(b)(2). The Court does not recommend action under Rule 11 at this juncture, but the Court will recommend that counsel be reminded of this Rule 11 obligations and potential sanctions for failure to comply with the Rule.[1]

---

[1] Elsewhere in his Motion, counsel touts his years of experience in this area of practice and the hundreds of cases he has litigated. (*See* Doc. 38 at 11-12.) While the Court does not question counsel's experience, counsel fails to explain why he persists in making requests for such fees after multiple judges have made specific findings that those types of fees are not permitted.

Pursuant to the above case law, the Court has determined that the following billing entries by Clifford Bendau, II, constitute clerical or secretarial tasks for which attorney's fees should not be awarded:

- Send representation agreement (.1)
- Receive signed agreement, create file (.1)
- Send complaint to client for review & signature (.1)
- Receive signed Complaint (.1)
- Finalize, file complaint (.1)
- Review Complaint, send to client (.1)
- Compile case documents, send to process server (.3)
- File service executed (2 entries) (.2)
- Finalize, file Application for Entry of Default (.1)
- Send, receive signed declaration from client (.1)
- Finalize, file motion for default judgment (.1)
- Send Motion to Chambers (.1)
- Finalize, file motion for attorneys' fees and costs (.1).

The total for the above, disallowed clerical or secretarial tasks is 1.6 hours.

In addition, the Court excludes Plaintiff's sought time reviewing this Court's two orders to show cause. First, the Court excludes the sought .1 hours spent on reviewing the Court's May 24, 2024 Order to Show Cause for failure to comply with LRCiv 3.7(b). The Court does not find it in the interests of justice to monetarily award Plaintiff's lack of compliance with the Local Rules. Next, for the same reason, the Court excludes the sought .1 hours Plaintiff lists in connection with reviewing the Court's May 15, 2025 Order to Show Cause why the case should not be dismissed for failure to prosecute and the .1 hours sought to review the Order setting aside the second Order to Show Cause. But for counsel's actions (or lack thereof), such an order would have been unnecessary. The Court notes that it has similarly excluded such sought fees in a past case, *see Shorty*, 2023 WL 9101629, at *3-4, and *Villa*, 2025 WL 2421028, at *3; it is concerning that counsel continues to seek

1  to be rewarded for these actions.  A total of .3 hours is therefore excluded in the interests

2  of justice.

3  c. Lodestar calculation and conclusion

4      Therefore, of the 17.1 hours billed by Clifford Bendau, II, the Court excludes 1.9

5  hours (1.6 + .3).  The resulting lodestar amount is therefore $6,004.00, which represents

6  15.2 hours for Clifford Bendau, II, at an hourly rate of $395.00.

7      "Although in most cases, the lodestar figure is presumptively a reasonable fee

8  award, the district court may, if circumstances warrant, adjust the lodestar to account for

9  other factors which are not subsumed within it."  *Ferland*, 244 F.3d at 1149 n.4.  That is,

10  "in rare cases, district court may make upward or downward adjustments to the

11  presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen*

12  *Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976)…

13  that have not been subsumed in the lodestar calculation."  *Gates v. Deukmejian*, 987 F.2d

14  1392, 1402 (9th Cir. 1992) (internal citations omitted).  The *Kerr* factors are:

15          (1) the time and labor required,
            (2) the novelty and difficulty of the questions involved,

16          (3) the skill requisite to perform the legal service properly,

17          (4) the preclusion of other employment by the attorney due to acceptance of
            the case,

18          (5) the customary fee,

19          (6) whether the fee is fixed or contingent,
            (7) time limitations imposed by the client or the circumstances,

20          (8) the amount involved and the results obtained,

21          (9) the experience, reputation, and ability of the attorneys,
            (10) the "undesirability" of the case,

22          (11) the nature and length of the professional relationship with the client, and
            (12) awards in similar cases.

23
24  526 F.2d at 70; *see also* LRCiv 54.2(c)(3).

25      This matter is a straightforward wage case, wherein the Defaulting Defendants

26  never participated.  Plaintiff's counsel did not have to conduct any discovery regarding

27  those Defaulting Defendants, and there were no complex or significantly contested issues.

28  After considering the *Kerr* factors, the Court finds no reason to adjust the lodestar.

2.  <u>Costs</u>

In addition to fees, Plaintiff seeks filing and service costs of $824.60 and "$5,748.53 to cover anticipated costs of collecting on the anticipated forthcoming judgment." (Doc. 31 at 16-17.) The Court addresses each request in turn.

First, the Court considers Plaintiff's request for costs he has already expended for service and filing. The Court finds the sought out-of-pocket costs to are only partially reasonable and supported by the documentation. For reasons that Plaintiff does not make clear, she seeks reimbursement of service fees on parties other than the Defaulting Defendants. Specifically, Plaintiff entered into a stipulation with Defendants Heather Mulligan and John Doe Mulligan, with each party bearing their own fees and costs. (Doc. 32). And yet, Plaintiff seeks her service costs and fees related to Defendants Heather Mulligan and John Doe Mulligan. (Doc. 38-4 at 5.) The Court will exclude the service fees related to non-defaulting Defendants Heather Mulligan and John Doe Mulligan, $178.80 ($64.00 + $64.80 + $50.00), from the allowed service fees. Allowed service fees are therefore $240.80 (419.60 – $178.80). Therefore, Plaintiff's awardable costs are $405.00 in filing fees and $240.80 in allowed service fees, for a sum of $645.80. (*See* Doc. 38-4 at 4-5.) Undersigned will recommend that amount be awarded.

Next, Plaintiff requests she be awarded "anticipated collection costs" in the amount of $5,748.53. (Doc. 38 at 14-16.) In support of this request for "anticipated collection costs," Plaintiff provides the Court with an order entered by another judge of this District. (Doc. 38-3 (*Alvarez v. Talaveras Renovations LLC*, No. CV 23-02654-PHX-DWL, 2024 WL 1195462 (D. Ariz. Mar. 20, 2024).) That judge allowed such costs in a similar FLSA and AMWA matter. (*See id.*) In her Motion, Plaintiff recognizes that other judges in this District have found that "anticipated collection costs" are speculative and have denied requests for them, but Plaintiff contends *Alvarez* should persuade the Court to award those costs to her in this case. (*See id.*) Plaintiff further contends that she will have to pay a $850.00 retainer to the collections law firm and an additional 25% of whatever is recovered. (*Id.* at 15.) Plaintiff assumes that she will recover the entirety of the amount of

judgment ordered by this Court, and therefore the collections law firm's "share will be $4,898.53." (*Id.*)

After carefully considering the cases cited by Plaintiff, as well as other cases from this District, the undersigned will not recommend the anticipated collection costs be awarded.  As the Court has observed in a similar case: "Although Plaintiff has provided documentation to support that Plaintiff will actually incur the anticipated collection costs—thereby alleviating concerns that such costs are too speculative—there is simply no way to evaluate, at this time, whether such costs are reasonable." *Rasmussen v. Dream Helpers LLC*, No. CV-23-01808-PHX-SMM (JZB), 2025 WL 582747, at *2 (D. Ariz. Feb. 24, 2025).  "Summarily awarding costs in the thousands of dollars for what could amount to a perfunctory collection effort does not fall within the realm of reasonable costs." *Id.* Undersigned agrees with that analysis and therefore will recommend that the request for $5,748.53 in anticipated collection costs be denied.

## C. Conclusion

For the foregoing reasons, **IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Motion for Attorney's Fees (Doc. 38) be **granted in part**; and

2. That the Court award Plaintiff $6,004.00 in attorney's fees and $645.80 in costs, for a total of **$6,649.80,** against Defendants Soul Surgery LLC and John Mulligan and Jane Doe Mulligan, jointly and severally.  This recommended award excludes a total of 1.9 total hours in attorney's fees, $178.80 in service costs, and $5,748.53 in "anticipated collection costs" post-judgment.  This recommended award is in addition to the statutory damages previously awarded by the Court in Doc. 36.

3. That Plaintiff's counsel be reminded of his obligation to comply with Rule 11 of the Federal Rules of Civil Procedure and that sanctions may result if counsel seeks relief that is not permitted under the law.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 15th day of December, 2025.

Honorable Alison S. Bachus
United States Magistrate Judge