# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Quigley, | **NO. CV-24-01050-PHX-SMM (ASB)** |
| Plaintiff, | **ORDER** |
| v. | |
| Soul Surgery LLC, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge Alison S. Bachus. (Doc. 7). On December 15, 2025, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court. (Doc. 40).[1] The Magistrate Judge has recommended that Plaintiff's Motion for Award of Attorney's Fees and Costs, (Doc. 38), be granted in-part. To date, no

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

objections have been filed.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). However, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## DISCUSSION[2]

Plaintiff's counsel, Mr. Clifford Bendau II, requests a total of $14,182.63 in attorney fees and costs, comprising of $7,609.50 in attorney fees at an hourly rate of $445 for 17.1 hours of work, $824.60 in out-of-pocket costs, and $5,748.53 in anticipated collection costs. (See Doc. 38). Having reviewed the R&R of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and modifies the Magistrate Judge's R&R. (Doc. 40).

The Court agrees with the R&R that a modification to Mr. Bendau's hourly rate is reasonable and aligns with prevailing FLSA action rates in this District. (Id. at 4). The

---

[2] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 40).

Court also agrees that Plaintiff's requested out-of-pocket costs and anticipated collection costs are not reasonable. (Id. at 8). Because Plaintiff and Defendants Heather Mulligan and John Doe Mulligan stipulated to bearing their own costs and fees, the Court will not award service fees against those Defendants. (See Doc. 32); see also LRCiv 54.1(d). Additionally, as noted in the R&R, there is simply no way for the Court to assess the reasonableness of Plaintiff's anticipated collection costs. (Doc. 40 at 9). Moreover, the Court finds that Mr. Bendau's attorney fees are not reasonable or permissible in part.

The R&R recommended that the Court reduce Mr. Bendau's hours billed by 1.9, as several time entries are not recoverable as attorney's fees. (Id. at 5–6). Mr. Benadu's timesheet includes 58 task entries, of which the R&R has recommended that 16 of those entries are administrative or pertain to Plaintiff's Show Cause Orders. (Id. at 4–6); (see also Doc. 38-4 at 2–3). "It simply is not reasonable for a lawyer to bill, at [his] regular hourly rate, for tasks that a non-attorney employed by [him] could perform at a much lower cost." Davis v. City of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), opinion vacated in part on other grounds on denial of reh'g, 984 F.2d 345 (9th Cir. 1993). When "clerical tasks are billed at hourly rates, the court should reduce the hours requested" as those tasks should be "subsumed in [the] firm['s] overhead." Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). "[T]he imposition of attorneys' fees against a party who abused the judicial process is limited to compensation for the wronged party." Lu v. United States, 921 F.3d 850, 860 (9th Cir. 2019).

The Court agrees with the R&R that Mr. Bendau's administrative tasks and show cause entries should be excluded from his total hours billed. See Nadarajah, 569 F.3d at 921; see also Lu, 921 F.3d at 860. The Court further identifies an additional task entry that falls squarely under administrative or clerical tasks; "Draft, file Magistrate Consent Form (0.3 hours)" (Doc. 38-4 at 2). This task requires no legal expertise and consists solely of entering parties' names and signatures. Therefore, the Court finds that the reasonable attorney's fees award to be $5,674.00, reflecting 14.9 hours at an hourly rate of $395.00.[3]

---

[3] The Court reminds Mr. Clifford Bendau II of his continuing obligation to comply with Rule 11 of the Federal Rules of Civil Procedure. Should Mr. Bendau persist in seeking

**CONCLUSION**

Accordingly,

**IT IS ORDERED adopting as modified** the Report and Recommendation of the Magistrate Judge. (Doc. 40).

**IT IS FURTHER ORDERED granting in-part** Plaintiff's Motion for Award of Attorney's Fees and Costs. (Doc. 38).

**IT IS FURTHER ORDERED awarding** Plaintiff $5,674.00 in attorneys' fees and $645.80 in out-of-pocket costs for a total of $6,318.80, for which Defendants are jointly and severally liable.

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly.

Dated this 13th day of January, 2026.

_Stephen M. McNamee_
Stephen M. McNamee
Senior United States District Judge

---

relief not authorized by law, the Court may impose the appropriate sanctions.